UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CARLOS GUARISMA, individually,

    Plaintiff,

v.

ADT SECURITY SERVICES, INC., a Delaware corporation, ADT LLC, a Delaware limited liability company,  SAVEOLOGY.COM LLC, a Florida limited liability company, and ELEPHANT GROUP, INC., a Delaware corporation,

**JURY DEMAND**

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff CARLOS GUARISMA alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendants ADT SECURITY SERVICES, INC., ADT LLC, SAVEOLOGY.COM LLC, and ELEPHANT GROUP, INC.  Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and because all Defendants are residents of this District.

4. Venue in this District is proper because the Plaintiff resides in this District and received telephone calls from Defendants within this District, and because all Defendants are residents of this District as defined in 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff CARLOS GUARISMA is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendants were calling.

6. Defendants ADT SECURITY SERVICES, INC. and ADT LLC (hereinafter "ADT," collectively) are, according to their website, "the leading provider of electronic security, interactive automation and related monitoring services for residences and small businesses in North America." ADT SECURITY SERVICES, INC. is a Delaware corporation, and ADT LLC is a Delaware limited liability company, and both operate from principal offices located at 1501 Yamato Road, Boca Raton, FL 33431.

7. Defendant SAVEOLOGY.COM LLC ("Saveology.com") is a marketing company and an authorized dealer of ADT-brand home security systems. Saveology.com owns and operates the website "www.BuyADT.com." Defendant Saveology.com is a Florida limited liability company operating from offices located at 5259 Coconut Creek Parkway, Margate, FL 33063.

8. Defendant ELEPHANT GROUP, INC. ("Elephant Group") is a marketing company, and corporate parent of Defendant Saveology.com, which "offers its clients a complete performance-based marketing solution to target, obtain and retain quality customers." Elephant Group lists ADT as one of its "Elephant Brands," and provides a link to "www.BuyADT.com," on its website. Defendant Elephant Group is a Delaware

corporation operating from offices located at 3303 W. Commercial Blvd, 2nd Floor, Ft. Lauderdale, FL 33309.

## FACTUAL BACKGROUND OF ADT SECURITY SERVICES

9. ADT is the self-proclaimed "leading provider of electronic security, interactive automation and related monitoring services for residences and small businesses in North America," handling millions of customers.

10. ADT markets and distributes its products via a network of so-called "authorized dealers."

11. Such authorized dealers are permitted to market under ADT's banner, and are tasked with selling and installing ADT home security systems to customers.

12. Authorized dealers market ADT security systems and actively solicit sales. Following a successful sale, the authorized dealer installs an ADT security system for the customer and sets up security monitoring services, which are provided by ADT. ADT then compensates the authorized dealer.

13. Authorized dealers are, at all times, subject to strict oversight and control by ADT, and ADT actively polices its authorized dealers. Authorized dealers are required to adhere to strict rules and guidelines set forth by ADT.

14. ADT encourages authorized dealers to market aggressively using the ADT name, and both ADT and its authorized dealers engage heavily in telemarketing.

15. According to the "ADT Security Services Telemarketing Policy Statement," available on their website, "It is ADT's policy to fully comply with all U.S. and Canadian federal and state/provincial laws and regulations governing telephone sales, marketing, and telemarketing activities," and "ADT requires that ADT's authorized dealers and all third-party companies who engage in telemarketing of ADT's products or services ensure they

are in compliance with Canadian and U.S. federal and state/provincial laws regarding telemarketing." A true and correct copy of the ADT Security Service Telemarketing Policy Statement is attached hereto and incorporated herein as Exhibit "A."

## FACTUAL ALLEGATIONS RELATING TO DEFENDANTS' CALLS TO PLAINTIFF

16. Sometime during or prior to 2011, Plaintiff began receiving telephone calls on his cellular telephone from strange, unfamiliar telephone numbers.

17. Upon answering any of these telephone calls, the Plaintiff was met by an automated voice that first purported to be a live person, stating that it was "Robert calling from Home Security Systems."

18. The automated voice then began asking the Plaintiff questions about whether he owned a home and was interested in a free home security system.

19. Depending upon the Plaintiff's answers, the voice would either follow up with additional pre-recorded questions, or disconnect. For example, when the Plaintiff answered that he did not own a home, or was not interested in a new home security system, the caller would disconnect the call.

20. Every time the Plaintiff answered one of these calls, he was met by the same artificial voice system. Because the system was automated, the Plaintiff had no means to advise the caller to cease contacting him, and the automated voice never stated who the real caller was.

21. The calls continued daily, sometimes more than once per day, until the Plaintiff, exasperated, decided to investigate and find out who was actually calling him.

22. Accordingly, upon the next mysterious call, the Plaintiff answered the phone, and answered all of the automated voice's questions as if he owned a home and was interested in a home security system installation.

23. At that point, having "qualified" the Plaintiff as a valid sales lead, the artificial voice thanked the Plaintiff, and immediately connected him to a live operator.

24. Upon making contact with the Plaintiff, the live operator began trying to obtain the Plaintiff's personal information in order to set him up with an ADT home security system.

25. The Plaintiff "played along" long enough to convince the live operator to admit who was behind the telemarketing calls. The live operator advised that he was calling on behalf of "The Elephant Group," that they were an ADT authorized dealer, and that they had obtained his information through their marketing affiliate, "Saveology.com."

26. Upon further investigation, it became apparent that Defendants Elephant Group and Saveology.com are in the business of automated telephone marketing for the installation of ADT home security systems, among other things.

27. In sum, Defendants placed non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system and an artificial or prerecorded voice.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF § 227(b)(1)(A)(iii) OF THE TELEPHONE CONSUMER PROTECTION ACT**</u>

28. Plaintiff incorporates paragraphs 1 through 27 herein.

29. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an

automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff CARLOS GUARISMA requests that the Court enter judgment in favor of Plaintiff and against Defendants ADT SECURITY SERVICES, INC., ADT LLC, SAVEOLOGY.COM LLC, and ELEPHANT GROUP for:

    a.    $500 dollars in statutory damages for each violation of 47 U.S.C. § 227(b)(1)(A)(iii) over the last four years;

    b.    $1,500 dollars in statutory damages for each knowing or willful violation of 227(b)(1)(A)(iii) over the last four years;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF § 227(c)(5) OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff incorporates paragraphs 1 through 27 herein.

31. This count is brought under 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act pursuant to the Defendants' placing more than one telephone call to the Plaintiff's cellular telephone within a 12-month period where such calls were in violation of 47 C.F.R. § 64.1200, the federal regulations implementing the TCPA, to wit:

    a.    Defendants violated 47 C.F.R. § 64.1200(b)(1) because they did not, at the beginning of their messages, "state clearly the identity of the business, individual, or other entity that is responsible for initiating the call."

b. Defendants violated 47 C.F.R. § 64.1200(b)(2) because they did not, during or after their messages, "state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual."

WHEREFORE, Plaintiff CARLOS GUARISMA requests that the Court enter judgment in favor of Plaintiff and against Defendants ADT SECURITY SERVICES, INC., ADT LLC, SAVEOLOGY.COM LLC, and ELEPHANT GROUP for:

a. $500 dollars in statutory damages for each violation of 47 U.S.C. § 227(c)(5) over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of 47 U.S.C. § 227(c)(5) over the last four years;

c. a permanent injunction prohibiting Defendants from placing unlawful telemarketing calls to the Plaintiff;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of September, 2012.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: <u>Bret L. Lusskin, Esq.</u>
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069